663 So.2d 79 (1995)
Lumus GEORGE, Plaintiff-Appellee,
v.
M & G TESTING AND SERVICES, INC., Defendant-Appellant.
No. 95-31.
Court of Appeal of Louisiana, Third Circuit.
July 19, 1995.
Limited Rehearing Granted December 14, 1995.[*]
*81 Alfred Frem Boustany, II, Lafayette, for Lumus George.
*82 Philip E. Roberts, Lafayette, for M & G Testing and Service.
Before LABORDE, WOODARD and AMY, JJ.
WOODARD, Judge.
This appeal arises from a finding that plaintiff, Lumus George, was disabled and awarding him benefits, surgery, penalties, and attorney's fees. Defendants, M & G Testing and Services, Inc., and its workers' compensation insurer, Aetna Casualty and Surety Company, appeal.

FACTS
On August 12, 1986, plaintiff, George, who was employed by defendant, M & G, injured his lower back while lifting some equipment in the course and scope of his employment. The next day, Aetna began paying George benefits. However, there were some disagreements about the payment of some medical benefits, and as such, the parties sought recommendations from the Office of Workers' Compensation (OWC), which recommendations were issued on March 29 and December 12 of 1989. The defendants were required, inter alia, to pay George temporary total disability (TTD) benefits from August 13, 1986, until such a time he was able to return to gainful employment. The OWC also ordered that George undergo an independent medical examination on December 13, 1989; however, George failed to appear for the scheduled examination.
In June 1990, defendants received word that George would be moving furniture, and they videotaped him doing so. On August 30, 1990, defendants filed a Notice of Payment Modification with the OWC and unilaterally terminated George's benefits. On October 25, 1990, defendants filed a Disputed Claim for Compensation, seeking a modification of the earlier recommendation; this was followed by a Supplemental Request for Modification of Recommendation on September 5, 1991. George responded by filing a peremptory exception of res judicata.
The case was tried on May 28, 1992. The hearing officer took the case under advisement and ordered that George be examined by another orthopedic surgeon. After that examination, the hearing officer issued her judgment. The hearing officer granted George's peremptory exception of res judicata; found that George was entitled to TTD benefits until he was able to be gainfully employed; ordered that defendants pay for the surgery recommended by the orthopedic surgeon that she named; and awarded George penalties and attorney's fees.
Defendants appeal from that judgment and assert that the hearing officer erred in: (1) granting the exception of res judicata; (2) finding George temporary totally disabled; (3) awarding benefits retroactive to April 20, 1990; (4) awarding George surgery; and (5) awarding George penalties and attorney's fees. George answered the appeal and requests: (1) additional attorney's fees for defending this appeal; and (2) damages for a frivolous appeal.

LAW

RES JUDICATA
Defendants argue that the hearing officer erred in granting George's exception of res judicata regarding their attempt to modify the recommendations of the OWC that George was temporary totally disabled. Defendants assert that the hearing officer's erroneous ruling deprived them of a complete hearing on the disability issue. We disagree.
At trial, the hearing officer in granting George's exception, clearly stated that:
[T]he ruling of this court is that we will not relitigate the issue of the injury having occurred within the course and scope of the work that claimant was performing at the time of the injury, but we can litigate his entitlement to benefits under the Act at this time. [Emphasis Added.]
Soon after, the hearing officer allowed into evidence George's pre-injury medical records, post-injury medical records, and the deposition of defendants' physician, Dr. Michel Heard. Further, the hearing officer ordered that George undergo an independent medical examination and suspended ruling on the merits of the case until receipt of this *83 medical report. After the hearing officer received this report, she signed an amended judgment which found that George was entitled to TTD benefits from the date that they were terminated.
The record substantiates that the exception of res judicata was granted regarding whether George was initially injured in a work accident and disabled. The hearing officer then heard all evidence regarding George's current disability status and decided the issues on the merits of the case. The defendants are trying to complain about the hearing officer's judgment on George's current disability status, to which the hearing officer's decision to grant the exception was irrelevant. Thus, we find that this argument is without merit.

DISABILITY
As previously stated, George was injured on August 12, 1986. The rights and duties of the parties are fixed according to the law in effect at the time of the injury. Bruno v. Harbert International Inc., 593 So.2d 357 (La.1992). In 1986, a workers' compensation claimant had to prove that he was temporary totally disabled by a preponderance of the evidence. Masters v. Scogin Auto Parts, Inc., 625 So.2d 319 (La.App. 3 Cir.1993). Also, under the law at that time, a claimant was considered temporary totally disabled under the "odd lot" doctrine when he could perform no services other than those which were so limited in quality, dependability or quantity that a reasonably stable market for them did not exist. Guillory v. Soloco, Inc., 570 So.2d 139 (La.App. 3 Cir.1990). An "odd lot" claimant did not need to be absolutely helpless to qualify for TTD benefits. Id. This specific determination of disability was made after the scrutiny of evidence of the worker's physical impairment as well as his mental capacity, education, and training. Thomas v. Elder Pallet & Lumber Sales, Inc., 493 So.2d 1267 (La. App. 3 Cir.), writ denied, 497 So.2d 312 (La.1986). Once the hearing officer has made a factual finding as to disability, this determination will not be disturbed except upon a showing of manifest error. Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277 (La. 1993).
In the case sub judice, George, who is 39 years old, dropped out of school in the 8th grade because he could not learn to read and has performed heavy duty manual labor since that time. On October 15, 1984, prior to the present injury, George suffered second and third degree burns over 50% of his body in a non-work related accident. His treating physician recommended light duty work; however, M & G had no light duty position available, so George returned to full heavy duty work after missing about a year of work.
On August 12, 1986, George injured his lower back while he was lifting some equipment. Immediately after the accident, George saw Dr. J.J. Fournet, a general practitioner, who diagnosed him with a thoracic strain. When George's condition did not improve, Dr. Fournet referred him to Dr. John Humphries, an orthopedic surgeon.
Dr. Humphries diagnosed George with a pre-existing condition, spinal stenosis, that was asymptomatic until his work accident. Dr. Humphries' diagnosis was confirmed when George underwent a myelogram and MRI which revealed that he had a herniated disc at the L4-L5 area as well as extreme spinal stenosis. Dr. Humphries opined that George's prognosis for recovery was "uncertain" and that he could not return to work until this problem was solved.
Dr. Humphries then sent George to Dr. Henry LaRocca, an orthopedic surgeon who specializes in disorders of the spine. Dr. LaRocca, who examined George in March 1987, expressed the following opinion of George's condition:
This individual's history and findings are consistent and give evidence to support his complaints. His problem is arising from intervertebral disc degeneration and injury producing spinal stenosis at L4-5. He is considered to be disabled as the result of this pathology, and all disability is attributed to the accident of August 1986 if there is no information to the contrary.
The prognosis for spontaneous resolution is poor. The patient is in need of surgical management in the form of lumbar decompression and stabilization. Such surgery *84 would offer the probability of satisfactory pain relief, but would not guarantee a return to heavy physical labor. Instead, with an acceptable surgical outcome, the patient would be a candidate for vocational rehabilitation to permit his return to some type of work which is not abusive to the low back.
On July 1, 1988, George saw Dr. Heard, defendants' orthopedic surgeon. Dr. Heard felt that George had post-traumatic low back pain with radicular symptoms. At that time, Dr. Heard felt that George could do light duty work.
On September 14, 1993, George went to see Dr. James Lafleur, an orthopedic surgeon who was appointed by the OWC to conduct an independent medical examination of George. After examining George, Dr. Lafleur opined that:
The patient had a lumbar spine myelogram on 11/23/93 which revealed an L4-5 left disc protusion affecting the fifth nerve root. Again is noted the transitional vertebra on the left at L5-S1. The post myelographic CT done on that same date reveals the same information as the myelogram. This corroborates the MRI findings. I would recommend surgery in the form of a lumbar L4-5 left diskectomy. Because of the anomalous joint formation at L5-S1, I would recommend an arthrodesis from L4 to the sacrum bilaterally. The purpose of the surgery would be to remove the offending disc at L4-5, get the pressure off the nerve root, as well as fuse the back to minimize the possibility of the anomalous joint contributing to his discomfort.
At trial, George testified that he cannot return to work because of the pain in his back. George stated that he has good days and bad days; that on good days he can do some type of work for short periods of time. George revealed that on some days he mows lawns with the help of his son, but that he earns just enough money to buy his son school supplies. Finally, George revealed that he had done some mechanic work also.
Defendants claim that George was not disabled based on a videotape that was shot on June 5, 1990 which showed George moving some furniture. George indicated that he was forced to move from his house because the rent was too high and that he had three other men at his new house to unload the furniture. Benny LeMaire, the private investigator who filmed this tape, testified that: (1) he only filmed George while he was loading the truck at his old house; (2) George had another man helping him load some furniture on the truck; (3) he did not film inside George's house or when he was taking rest periods; (4) he saw other cars in George's driveway at the old house; and (5) he did not film at the other house where George had revealed there were three men to unload the furniture. The medical evidence in the record substantiates that on good days, George could perform some types of labor. Further, evidence in the form of moving pictures must be used with great caution because these pictures show only very brief intervals of the activities of the subject. Glover v. Southern Pipe & Supply Co., 408 So.2d 352 (La.App. 4 Cir.1981), writ denied, 412 So.2d 86 (La.1982). They do not show rest periods, they do not reflect whether the subject is suffering pain, and they do not show the after-effects of such activities. Id.
After a thorough review of all the relevant evidence, we conclude that the hearing officer was not clearly wrong in finding that George is temporarily totally disabled.

BENEFITS RETROACTIVE TO APRIL 20, 1990
The hearing officer awarded George TTD benefits retroactive to April 20, 1990. However, the record clearly indicated that George was paid TTD benefits until August 30, 1990. Therefore, we amend the judgment to provide that George is entitled to TTD benefits from August 30, 1990.

MEDICAL EXPENSES
La.R.S. 23:1203 (A) provides, in pertinent part, that "In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any type of nonmedical treatment recognized by the laws of this state as legal,...." Under this statute, a worker's medical expenses are compensable only if *85 they are occasioned by the work related injury. Charles v. Aetna Casualty and Surety Company, 525 So.2d 1272 (La.App. 3 Cir.), writ denied, 531 So.2d 480 (La.1988). The claimant must establish his claim for medical benefits and show that they are related to the work accident to a reasonable certainty and by a preponderance of the evidence. Id. A hearing officer has great discretion in the award of medical expenses, and his or her decision will not be disturbed unless it is clearly wrong. Notto v. Morton-Norwich Production Inc., 498 So.2d 1158 (La.App. 3 Cir.1986).
In the case sub judice, defendants argue that subsequent to Dr. Lafleur's independent medical examination, he changed his opinion, through a deposition, that George still needed surgery. In that deposition, Dr. Lafleur stated that George did not need surgery on June 5, 1990, the day that he was videotaped moving some pieces of furniture. However, the record substantiates that Dr. Lafleur was given only parts of George's medical file by the defendants when he rendered that opinion. When Dr. Lafleur was given all of the medical file, he testified that George still needed surgery as of September 14, 1993, the date that he examined him for OWC. Further, Dr. Lafleur unequivocally testified that he would give greater weight to the physicians who had the opportunity to evaluate George on a regular basis. George's treating physicians, Drs. Humphries and LaRocca, opined that George needed surgery for his low back condition. Thus, we conclude that the hearing officer was not clearly wrong in awarding George medical expenses.

ATTORNEY'S FEES AND PENALTIES
It is well settled that a workers' compensation claimant is not entitled to attorney's fees and penalties unless the termination of benefits is found to be arbitrary, capricious, or without probable cause. La. R.S. 23:1201; 1201.2. Whether or not the termination of benefits is arbitrary, capricious, or without probable cause depends primarily on the facts known to the employer at the time of its action. Miles v. F.D. Shay Contractor, Inc., 626 So.2d 74 (La.App. 3 Cir.1993). An employer is required to make a reasonable investigation to ascertain the claimant's exact medical condition before benefits are terminated. Johnson v. Insurance Company of North America, 454 So.2d 1113 (La.1984). A hearing officer has great discretion in the award of attorney's fees and penalties, and his or her decision will not be disturbed unless it is clearly wrong. Dietz v. Guichard Drilling Company, 626 So.2d 79 (La.App. 3 Cir.1993).
In the case sub judice, Walter Pennebaker, the claims adjuster who was assigned to handle George's claim on behalf of M & G, testified that George's benefits were terminated on August 30, 1990 for two reasons, namely: (1) the videotape showing George moving some furniture; and (2) George's failure to attend an independent medical examination with Dr. Thad Broussard in December 1989.
Regarding the videotape, Pennebaker admitted that he did not view the video prior to terminating benefits nor did he send the video to any of George's physicians for review to determine if they felt that whatever activities on the tape indicated that George could return to full time heavy duty work. Further, Pennebaker testified that there was no "specific report" at the time of termination that indicated that George had been released to work.
Regarding George's failure to attend the independent medical examination in Baton Rouge in December 1989, Pennebaker acknowledged that he knew that George, who lived in Lafayette, did not have sufficient funds to make that trip. In fact, Pennebaker stated that he never requested the Department of Labor to suspend benefits in December 1989 because George did not attend the medical examination.
The record clearly substantiates that the defendants were arbitrary and capricious in handling George's claim. Thus, we conclude that the hearing officer was not clearly wrong in awarding George $10,000 in attorney's fees and statutory penalties.

*86 GEORGE'S REQUEST FOR ATTORNEY'S FEES AND DAMAGES

An increase in attorney's fees is awarded on appeal when the defendant appeals, obtains no relief, and the appeal has necessitated more work on the part of the plaintiff's attorney, provided that the plaintiff requests such an increase. Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736 (La. App. 1 Cir.), writ denied, 553 So.2d 466 (La.1989). In the case sub judice, a review of the additional work necessitated by this appeal reveals that an award of $2,000 in attorney's fees is warranted. See Poirrier v. Otis Engineering Corporation, 602 So.2d 207 (La.App. 3 Cir.1992).
Damages for a frivolous appeal are warranted when there is no serious legal question, when the appeal has been taken solely for the purpose of delay, or where it is evident that the appellant's counsel does not seriously believe in the position that he or she advocates. Jason v. Brown, 637 So.2d 749 (La.App. 1 Cir.), writ denied, 644 So.2d 638 (La.1994). Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be allowed. Hampton v. Greenfield, 618 So.2d 859 (La.1993). After thoroughly reviewing the record and appellant's brief and argument contained herein, we are unable to conclude that the appeal filed is unquestionably frivolous. Accordingly, we decline to impose damages under LSA-C.C.P. art. 2164.

CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is amended to show that George is entitled to temporary total disability benefits from August 30, 1990. It is adjudged, ordered and decreed that George is entitled to an award of additional attorney's fees in the amount of $2,000. In all other aspects, the judgment of the hearing officer is affirmed. Costs of this appeal are assessed against the defendants.
AFFIRMED AS AMENDED.
AMY, J., dissents.
NOTES
[*] Limited rehearing granted for the purpose of amending judgment of this court to state that legal interest is due from date of Hearing Officer's judgment.