STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-313


EVERGREEN PRESBYTERIAN MINISTRIES

VERSUS

BRENDA WALLACE


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 03-07473
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

AFFIRMED.

Saunders, J., dissents in part and assigns written reasons.

Charles V. Musso Jr.
Plauche, Smith & Nieset
P. O. Box 1705
Lake Charles, LA 70602
(337) 436-0522
Counsel for Plaintiff-Appellee
Evergreen Presbyterian Ministries

Thomas E. Townsley
Attorney at Law
711 Pujo Street
Lake Charles, LA 70601
(337) 430-0994
Counsel for Defendant-Appellant
Brenda Wallace

**PICKETT, Judge.**

The claimant, Brenda Wallace, appeals a judgment of the Office of Workers' Compensation (OWC) finding she was entitled to supplemental earnings benefits (SEB) rather than permanent and total disability (PTD) benefits or temporary and total disability (TTD) benefits, finding Mrs. Wallace lacked standing to contest the under-payments to her physician, and awarding certain penalties and attorney fees.

## STATEMENT OF THE CASE

This case is before this court for a second time. Originally, the workers' compensation judge (WCJ) found that Mrs. Wallace was entitled to SEB at a rate of $61.34 per week, which was a reduction from the previous TTD payments of $217.33 per week that she had been receiving since the injury. The WCJ severed the issues of penalties and attorney fees raised in the case and had not ruled on them when both parties appealed. We dismissed the first appeals filed by Evergreen Presbyterian Ministries (Evergreen) and Mrs. Wallace, finding that the WCJ had ruled on the disability issue but had failed to rule on the issues of penalties and attorney fees in the case. We found that such a piecemeal appeal was not proper and remanded the case for the WCJ to issue rulings on the remaining issues. *Evergreen Presbyterian Ministries v. Wallace*, 05-1343 (La.App. 3 Cir. 4/5/06), 926 So.2d 759.

This matter was heard on remand by the WCJ on November 2, 2006. The issues presented to the WCJ were: (1) whether the failure of Evergreen to pay for sympathetic therapy, or STS therapy, entitled Mrs. Wallace to penalties and attorney fees, (2) whether Evergreen was arbitrary and capricious in terminating Mrs. Wallace's TTD benefits and reducing the benefits to SEB, entitling her to penalties and attorney fees, (3) whether Evergreen failed to pay Dr. Frank Lopez correctly

1

according to the fee schedule, (4) whether Mrs. Wallace is entitled to penalties and attorney fees for the failure to pay Dr. Lopez according to the fee schedule, and (5) whether Dr. Lopez's fee should be assessed as costs.

Evergreen objected to the inclusion of the issue of the payments to Dr. Lopez on remand, arguing that Dr. Lopez, not Mrs. Wallace, was the proper party to bring such an action, and that the issue was not included in any of Mrs. Wallace's pretrial filings. The trial court sustained the objection and denied Mrs. Wallace's claims regarding payment of Dr. Lopez's bills. The WCJ found that the unilateral termination of TTD benefits by Evergreen was arbitrary and capricious and awarded $2,000.00 in penalties and $6,500.00 in attorney fees. The WCJ found the STS therapy was reasonable and necessary and ordered Evergreen to pay for it, but did not award penalties for the failure to approve the treatment. The WCJ assessed Dr. Lopez's $2,500.00 fee as costs. A judgment in conformity with the WCJ's oral reasons was signed on November 17, 2006. Evergreen filed a Motion for Suspensive Appeal, but that appeal has been abandoned. Mrs. Wallace has devolutively appealed from the judgment of the WCJ.

## ASSIGNMENTS OF ERROR

The appellant, Brenda Wallace, asserts three assignments of error:

1. The court erred in finding that the defendant was entitled to supplement [sic] earning benefits at zero earnings rather than finding Brenda Wallace temporarily totally disabled (TTD) or totally and permanently disabile [sic], and, therefore, is entitled to TTD benefits or totally and permanently disabled (TPD) under the odd-lot doctrine.

2. The court erred in reversing her ruling on an objection, in an effort to avoid ruling on the substance of the matter, and not making a finding that the defendant improperly made payments of medical bills under the fee schedule of Dr. Frank Lopez's bills.

2

3. The court committed clear legal error in only awarding $2,000.00 in penalties and $6,500.00 in attorney fees for the defendant's "sham rehab" proven at trial and the improper unilateral reduction of defendant's wages from $217.33 per week to $61.34 per week. The rehabilitationist, Karen Herron, admitted that she did not notify defendant of Dr. Gerald Nickerson's approval of one of the jobs she submitted nor did she check to see if the job was available following the approval by the doctor, as required under the law, thus, giving rise to penalties and attorney fees. The undersigned counsel put in an enormous amount of time, effort, skill and clearly demonstrated egregious conduct; yet, the trial court awarded a minimal amount given two trials and one appeal to achieve the judgment.

## DISCUSSION

In her first assignment of error, Mrs. Wallace argues that the symptoms of her condition are such that any employment she may be able to find would aggravate her condition and make her job performance inconsistent. This issue was litigated at the first trial. She suggests that the WCJ should have applied the odd-lot doctrine to find that she is incapable of working and therefore entitled to TTD or PTD benefits.

The evidence supports the WCJ's findings that Mrs. Wallace is capable of employment and therefore entitled to SEB and not total disability benefits. Dr. Lopez, her own treating physician, testified she was capable of some type of employment, though she may have to work in pain. Further, a functional capacity evaluation performed by New Day Rehabilitation found that she is capable of gainful employment with occasional sedentary lifting. We find no manifest error in the trial court's determination. This assignment of error lacks merit.

In the second assignment of error, Mrs. Wallace argues that Evergreen should be required to pay penalties and attorney fees for failing to pay for Mrs. Wallace's treatment with Dr. Lopez according to the fee schedule published by the OWC. In the original trial, Mrs. Wallace submitted explanations of benefits from F. A. Richard

3

and Associates (FARA), Evergreen's insurer, indicating network credits which Dr. Lopez testified were not applicable. Dr. Lopez testified that he had not billed Mrs. Wallace for any of the treatments. At the hearing following our remand to the OWC, the WCJ determined that the issue was not properly pled in pre-trial filings and that Dr. Lopez, not Mrs. Wallace, was the proper party to bring an action against Evergreen or FARA.

Louisiana Revised Statutes 23:1034.2 instructs the OWC to establish a reimbursement schedule for the payment of medical benefits due in workers' compensation cases. Section F of the statute states:

> (1) Should a dispute arise between a health care provider and the employee, employer, or workers' compensation insurer, either party may submit the dispute to the office in the same manner and subject to the same procedures as established for dispute resolution of claims for workers' compensation benefits.

> (2) In addition to any other occasion when consolidation of claims is otherwise allowed by applicable law, whenever multiple disputes exist between a single health care provider and a single "payor" as defined in R.S. 23:1142(A) concerning the proper amount payable pursuant to the reimbursement schedule, then either the health care provider or the payor shall have the right to have all such disputes between the payor and the health care provider consolidated and tried together. The venue for such consolidated claims shall be in either the workers' compensation district of the parish in which the domicile of the provider is located or the workers' compensation district of the parish in which the domicile of the payor or employer is located.

"Payor" is defined as the "entity responsible, whether by law or contract, for the payment of the medical expenses incurred by a claimant as a result of a work related injury." La.R.S. 23:1142.

Evergreen argues that section F entitles the health care provider to bring an action against FARA or Evergreen, not Mrs. Wallace. Mrs. Wallace has not been denied treatment because of these network credits (which on most of the bills was

4

$6.80), and Dr. Lopez has not required her to pay the difference between the fee schedule and the amount he was paid. Furthermore, the reimbursement schedule was not entered into evidence, so it is impossible to tell what Dr. Lopez should have been paid. As the workers' compensation statute specifically provides a cause of action for Dr. Lopez to prove he was not paid according to the reimbursement schedule, we find he is the proper party to bring this action, not Mrs. Wallace. This assignment of error lacks merit.

In the third assignment of error, Mrs. Wallace argues she is entitled to penalties and attorney fees for the "sham rehab" provided by Karen Herron, and an increase in penalties and attorney fees for Evergreen's unilateral reduction of benefits.

The only time penalties and attorney fees have been awarded relative to rehabilitation is for discontinuation of rehabilitation, not for providing sham rehabilitation. *See Haynes v. Williams Fence and Aluminum*, 02-442 (La. 4/21/03), 851 So.2d 917. Mrs. Wallace has not cited a case which awards penalties and attorney fees for sham rehabilitation. Thus, we find that penalties and attorney fees are not available.

Finally, Mrs. Wallace seeks an increase in the amount of penalties and attorney fees awarded by the WCJ for Evergreen's improper reduction of benefits. The WCJ, in her judgment, found that Evergreen was arbitrary and capricious in unilaterally reducing benefits. Thus, penalties were awarded pursuant to La.R.S. 23:1201(I), which allows penalties up to $8,000.00 and attorney fees. The amount award by the WCJ will not be disturbed unless we find that the WCJ abused her discretion. *George v. M & G Testing and Services, Inc.*, 95-31 (La.App. 3 Cir. 7/19/95), 663 So.2d 79, *writ denied*, 96-0039 (La. 3/8/96), 669 So.2d 403. We do not find an abuse of

5

discretion in the awards of penalties and attorney fees, and will not disturb the finding of the WCJ.

## **CONCLUSION**

The judgment of the WCJ is affirmed in all respects.  Costs of this appeal are assessed against Mrs. Wallace.

**AFFIRMED.**

NUMBER WCA 07-0313

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

EVERGREEN PRESBYTERIAN MINISTRIES

VERSUS

BRENDA WALLACE

SAUNDERS, J., dissents in part and assigns written reasons.

I am unable to agree with the conclusion reached by the majority as to the second assignment of error charged by the appellant, Ms. Brenda Wallace, and so I must respectfully dissent.

**DISCUSSION:**

The majority reasons that La.R.S. 23:1034.2 authorizes a health care provider, and only a health care provider, to bring an action for attorney fees and penalties against an employer or workers' compensation insurer in connection with the non-payment of bills owed for treatment rendered, yet there is nothing in the language of the statute to suggest that the legislature intended such a reading. On the contrary, La.R.S. 23:1034.2 frames the resolution of disputes involving health care providers permissively: "Should a dispute arise between a health care provider and the employee, employer, or workers' compensation insurer, either party *may* submit the dispute to the office in the same manner and subject to the same procedures as established for dispute resolution of claims for workers' compensation benefits." La.R.S. 23:1034.2(F)(1) (emphasis added). Rather than precluding an injured employee from bringing an action regarding a dispute involving the non-payment of his or her health care provider by his employer or workers' compensation insurer,

La.R.S. 23:1034.2(F)(1) merely includes such a health care provider in the list of claimants with access to workers' compensation dispute resolution procedures.

Similarly, neither does La.R.S. 23:1034.2(F)(2) have the preclusive effect that the majority interprets it to have. That statute states:

> In addition to any other occasion when consolidation of claims is otherwise allowed by applicable law, whenever multiple disputes exist between a single health care provider and a single "payor" . . . then either the health care provider or the payor shall have the right to have all such disputes between the payor and the health care provider consolidated and tried together.

La.R.S. 23:1034.2(F)(2). As it relates to that statute, "payor" is defined as the "entity responsible, whether by law or contract, for the payment of the medical expenses incurred by a claimant as a result of a work related injury." La.R.S. 23:1142.

While the majority is correct in concluding that Mrs. Wallace, as an injured employee, fails to fit the definition of "payor," it is unclear how such a failure precludes her from asserting the action at issue here. La.R.S. 23:1034.2(F)(2) applies to cases involving multiple disputes between a health care provider, here Dr. Lopez, and a "payor," here Evergreen or FARA, yet the instant case does not involve the propriety or impropriety of a consolidation of multiple disputes. There is but one dispute at issue here—namely, the non-payment of bills owed to Dr. Lopez. Whether or not Mrs. Wallace meets the definition of "payor" is of no moment to the resolution of the instant case. Furthermore, like La.R.S. 23:1034.2(F)(1), La.R.S. 23:1034.2(F)(2) frames its provisions permissively, rather than preclusively: "[E]ither the health care provider or the payor *shall have the right* . . . ." (emphasis added). In effect, La.R.S. 23:1034.2(F)(2) is little more than a statute allowing health care providers and "payors" to consolidate, in the name of judicial efficiency, whatever disputes may exist between them into a single suit.

2

What the majority's opinion fails to address is that none of the statutes referenced in the opinion actually controls the question presented by this assignment of error. On the contrary, suits for attorney fees and penalties in connection with non-payment are governed by La.R.S. 23:1201: "Failure to provide payment in accordance with this Section . . . shall result in the assessment of a penalty . . . together with reasonable attorney fees for each disputed claim." La.R.S. 23:1201(F). That statute further reads:

> (3) Except as provided in Paragraph (4) of this Subsection, any additional compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee.

> (4) In the event that the health care provider prevails on a claim for the payment of his fee, penalties as provided in this Section and reasonable attorney fees . . . may be awarded and paid directly to the health care provider.

La.R.S. 23:1201(F)(3-4).

Here, the majority finds that applicable law precludes any party but for the health care provider from bringing suit for attorney fees and penalties in conjunction with the non-payment of bills owed, yet the language of La.R.S. 23:1201(F) contemplates scenarios in which either the injured employee or the health care provider is owed such remuneration for non-payment. In so framing the statutory language, I find that the legislature must have intended for both health care providers and injured employees to have standing to bring suit against employers or workers' compensation insurers for their failure to pay bills owed to health care providers. A similar conclusion was reached by this court in *Ferrier v. Jordache-Ditto's*, 94-1317, 94-1318 (La.App. 3 Cir. 5/17/95), 662 So.2d 14. There, in deciding whether or not health care providers were entitled under then-applicable law to bring suit for penalties and attorney fees for the non-payment of bills owed, we concluded:

3

> From the language of [La.R.S. 23:1202.2], it is clear that its thrust is to provide that the worker's claim for compensation benefits will be promptly paid. In that regard, it also is clear that the statute does not explicitly provide for the award of attorney's fees to a party *other than the worker's compensation claimant*. To read the statute to provide such fees for the health care provider would require us to extend attorney's fees to the health care provider by implication.

*Id.* at 20 (emphasis added). As a consequence of the statutory changes embodied by La.R.S. 23:1201(F), it is clear that our earlier holding as to health care providers no longer holds jurisprudential water, yet—as to injured employees—our holding in *Ferrier* remains as correct today as it was when first delivered: a workers' compensation claimant, like Mrs. Wallace, is entitled to bring suit for penalties and attorney fees as a consequence of the non-payment of medical bills to her health care provider.

Moreover, if the majority's emphasis on La.R.S. 23:1034.2(F)(2) affords any persuasive insight into the issue here presented, it is by highlighting the legislature's concern with judicial efficiency in dealing with cases involving workers' compensation disputes. The majority suggests that the law entitles a health care provider to bring suit for penalties and attorney fees stemming from non-payment for services rendered, yet at the same time does not entitle the very patient to whom such care was provided to bring suit for the selfsame instance of non-payment. Such a suggestion implies that the conduct which La.R.S. 23:1201(F) seeks to punish is only punishable if challenged by two separate actions, an implication which runs directly contrary to the judicial efficiency promoted by La.R.S. 23:1034.2(F)(2). In light of the overwhelming evidence to the contrary, I cannot, in good conscience, project intentions such as these upon the legislature.

4

**CONCLUSION:**

For the reasons discussed above, I must respectfully dissent as to the majority's holding regarding the second assignment of error. In all other respects I agree with the majority opinion.