GREMILLION, Judge,
concurs in part and dissents in part and assigns written reasons.
hi dissent from the majority’s opinion only on assignments of error two and six.

Assignment of error two:

In assignment of error two, Magbee complains that the WCJ refused to authorize the MRI of his left knee. The WCJ noted that Magbee fell onto his buttocks and back and wondered how his left knee could have been injured in the fall. The WCJ also noted that during the course of treating Magbee’s left knee, Dr. Cobb noted no objective findings, Magbee reported subjectively that the knee grew less pain *1063 ful over time, and Dr. Cobb stopped requesting the MRI after a time.
Magbee suggested that Dr. Cobb stopped requesting the MRI only after the studies had been repeatedly denied. He also argued that a presumption of causation attaches to this injury, because he had no problems before the accident and his complaints arose shortly after the accident. Because the problems to his knee are internal, Magbee argues, there would be no objective findings associated with the knee unless demonstrated on the MRI; in other words, according to Magbee, the WCJ relied upon the absence of objective findings to justify the denial | aof the only means of uncovering objective findings. The WCJ’s conclusion was that Magbee failed to carry his burden of proving the medical necessity of the MRI.
The finding of the WCJ is reviewed under the manifest error standard. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. The WCJ was well within her discretion as the trier of fact to accept the opinions of Drs. Morgan and Broussard, who both opined that the complaints Mag-bee voiced about his knee were related to post-polio syndrome and not the on-the-job fall. I find no manifest error in the WCJ’s interpretation of the history provided by Magbee over the course of his treatment. Accordingly, I would affirm the denial of the left knee MRI.

Assignment of eiror six:

In assignment of error six, Magbee disputes the WCJ’s ruling limiting the award of attorney fees to those issues on which he was awarded penalties. He argues, and the majority agrees, that the Louisiana Supreme Court’s ruling in McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00), 773 So.2d 694, requires the WCJ to award him attorney fees for all work his attorney performed on the case, regardless of the outcome. I do not read McCarroll as the majority does.
I believe the majority has placed the cart before the horse in its review of the award. “The amount award[ed] [in attorney fees] by the WCJ will not be disturbed unless we find that the WCJ abused her discretion.” Evergreen Presbyterian Ministries v. Wallace, 07-313, p. 5 (La.App. 3 Cir. 10/10/07), 968 So.2d 256, 260. The fact that the WCJ erroneously interpreted the law does not necessarily lead to the conclusion that the award represents an abuse of discretion on the WCJ’s part. I conclude that the WCJ did not abuse her discretion. And I find that she properly interpreted the law.
la Attorney fees in workers’ compensation cases are awarded to deter intransigent behavior on the employer’s part. Id. Like most cases in Louisiana law, attorney fees are limited to those circumstances in which they are authorized by statute. In this case, the legislature has authorized attorney fees in workers’ compensation cases only when the employer has failed to consent to treatment or to pay for treatment or compensation benefits or has failed to timely pay a non-appealable judgment or settlement. La.R.S. 23:1201. The language of Section 1201(F) lends support to an interpretation that couples the award of attorney fees to an award of penalties (emphasis added):
Failure to provide payment in accordance with this Section or failure to consent to the employee’s request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid *1064 or such consent is withheld, together with reasonable attorney fees for each disputed claim....
Had the legislature intended to allow recovery for attorney fees for work on the entire workers’ compensation claim, it could have simply provided for an award of attorney fees in all compensation cases, omitted the reference to fees for each disputed claim, or inserted the emphasized language after the penalty provision and before the attorney fee provision.
Additional support for this interpretation is found in Subsection (J), which provides that only one reasonable attorney fee may be awarded in connection with any hearing on the merits of a disputed claim, and which further provides that “an award of such single attorney fee shall be res judicata as to any and all conduct for which penalties may be imposed under this Section which precedes the date of the hearing.” (Emphasis added). We also note that the employee recovers no attorney fees if the claim is reasonably controverted or if “such nonpayment results from | conditions over which the employer or insurer had no control.” La.R.S. 23:1201(F)(2). The statute clearly ties the recovery of attorney fees to the recovery of penalties.
McCarroll involved an attorney’s attempt to recover both his contractual contingency fee and the attorney fees awarded by the WCJ from his client. The WCJ limited the attorney to the attorney fee award, and the attorney appealed. The court of appeal sided with the employee as well, and the supreme court granted writs to resolve this issue. In analyzing the dispute, the court noted that there were two types of attorney fees at issue, contractual and statutory. It stated regarding statutory fees:
Finally, statutory fees are not payable in every case of successful litigation, but rather are payable only where the employer or insurer fails to pay benefits timely and fails, at trial, to show a reasonable controversy over the claim (or to show that nonpayment is the result of conditions over which the employer or insurer had no control).
McCarroll, 773 So.2d at 698. The only limitation on the amount of attorney fees is that they must be reasonable. Id.
In McCarroll, the WCJ awarded plaintiff penalties and attorney fees of $15,000.00 for the employer’s failure to timely pay benefits. Plaintiffs counsel sought to personally receive both his contractual fee and the whole of the attorney fee awarded. He filed a motion seeking both fees, which the WCJ denied. The attorney sought writs, which the court of appeal denied, but which the supreme court granted. The court noted that there were two kinds of fees at issue, contractual and statutory (those associated with the award of penalties). Contractual fees are payable in every successful case, but statutory fees are not. The legislature intended the penalties and attorney fees to serve as a deterrent to arbitrary conduct by the employer or its insurer. The only limitation on the award of statutory fees is that they be reasonable. The language on which the majority bases its reasoning is:
|fiThe amount awarded is intended to provide full recovery, without statutory limitation, for attorney’s services and expenses in connection with the litigation. If the attorney were allowed to collect the contractual fees in addition to the full compensation awarded in the statutory attorney fees, the attorney would get double recovery (to the extent of the limited contractual fee) for his services, at the expense of the client.
Id. at 700. The court concluded that the attorney was entitled to the statutory fee less the amount of the contractual fee.
*1065 The supreme court followed the McCarroll decision with Langley v. Petro Star Corp. of La., 01-0198 (La.6/29/01), 792 So.2d 721, in which the plaintiff sought attorney fees against the employer for its failure to pay benefits under a consent judgment. The WCJ awarded $3,000.00 in attorney fees and the employer appealed. We affirmed, ruling that the employer’s culpability in failing to pay was a factor that should be considered in assessing the attorney fee. Langley v. Petro Star Corp of La., 00-699 (La.App. 3 Cir. 12/29/00), 788 So.2d 448. This created a split among the circuits, as the second and fifth circuits, as well as a separate panel of this court, had held that the defendant’s bad faith was not part of the calculus. The supreme court held that culpability was not a factor to consider in assessing attorney fees. It reasoned that the statutory scheme draws a clear distinction between penalties and attorney fees. In the event of failure to timely pay a judgment, a claimant is entitled to both penalties and attorney fees, but in the case of arbitrary discontinuance of benefits, only attorney fees are authorized. To couple the amount of attorney fees to the degree of the defendant’s culpability would blur the distinction between penalties and attorney fees. The supreme court stated regarding McCar-roll:
McCarroll makes it clear that although the primary consideration in the imposition of attorney fees is not to compensate the employee, but rather to discourage certain offensive behaviors on the part of the employer or insurer, Sharbono [v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382] at p. 5, 696 So.2d at 1386, the amount of statutory attorney fees awarded is intended to fully compensate the employee’s attorney, thereby benefitting the employee, for his services rendered in connection with the litigation. To include |fia penal component in the amount of attorney fees assessed would allow an attorney to receive compensation in excess of the scheme provided by the legislature and undermine the purposes underlying an award of statutory attorney fees in the workers’ compensation context
Id. at 726.
In 2002, after McCarroll and Langley, a panel of this court decided the case of Duhon v. Trend Services, Inc., 01-1194 (La.App. 3 Cir. 3/6/02), 809 So.2d 1222, in which the employee’s counsel, as in this case, argued that McCarroll required that his client be awarded fees roughly equivalent to what he would have charged an hourly-billed client, 58 hours times $125.00/ hour. We rejected that argument, noting that the WCJ determined that counsel had spent half his time pursuing those penalty claims that were not reasonably controverted by the employer stating:
Since the employer reasonably controverted Duhon’s continued benefits claim, he was not entitled to attorney’s fees for pursuing it. We cannot say the formula employed by the ALJ for excluding the hours the attorney spent in advancing the unsuccessful issue was unreasonable. Counsel does not argue that he invested more hours than the judge allotted to the stipulated issues. Instead, counsel contended he was entitled to an award based on all the hours he spent. Neither the Supreme Court’s holding in McCarroll nor La. R.S. 23:1201 F support his contention.
Id. at 1227.
Duhon was followed by Armentor v. Arrow Pest Control, 02-533 (La.App. 3 Cir. 10/30/02), 832 So.2d 378, unit denied, 03-0139 (La.3/21/03), 840 So.2d 536. Plaintiff sought penalties and attorney fees for the employer’s underpayment of indemnity benefits, failure to authorize neck surgery, *1066 failure to timely pay mileage reimbursement, failure to timely supply medical reports, failure to authorize physical therapy, and failure to authorize prescription drugs. The WCJ held that the employer reasonably controverted the employee’s claim for penalties and attorney fees for not authorizing neck surgery, prescriptions, and provide physician reports. It assessed attorney fees of $2,000.00 for failure to authorize prescription drugs and $5,000.00 for failure to timely pay indemnity. We affirmed on the issue |7of a penalty and attorney fees for failure to authorize neck surgery because plaintiff failed to attend an IME. We reversed on the issue of failure to reimburse plaintiff for his mileage and awarded a penalty of $2,000.00 and an attorney fee of $1,000.00. We affirmed on the issue of failure to authorize physical therapy because plaintiff had indicated to his treating physician that he felt physical therapy was not helping. We reversed the awards of a penalty and attorney fees on the issue of prescription drugs. Lastly, we awarded plaintiff an attorney fee of $250.00 for the employer’s failure to timely supply plaintiff with physician reports. Despite the plaintiffs argument that the amount of attorney fees was in error, we affirmed the remaining attorney fee awards on the grounds that the WCJ did not abuse her discretion, citing Duhon.
More recently, in Weldon v. Holiday Inn-Jennings, 11-203 (La.App. 3 Cir. 10/5/11), 76 So.3d 115, writ denied, 11-2463 (La.1/20/12), 78 So.3d 144, we held that of the fifty-seven hours plaintiffs counsel had spent working on his client’s case, 35 were spent working on those issues for which penalties were awarded. We reduced the WCJ’s award of fifty-seven hours at $225/ hour to thirty-five hours at $225.00/hour.
The majority’s interpretation of McCar-roll creates a paradox: If the employee prevailed on no penalty issues, he would receive no attorney fees, but if he prevails on just one penalty claim, he would be entitled to an award of an attorney fee for all the work his attorney devoted to his entire case. This argument has been repeatedly rejected by this court, at least in practice if not in theory.
In conclusion, the first inquiry must be whether the amount awarded in attorney fees was abusive; only then can it be adjusted, regardless of the logic by which the WCJ arrived at the award. In the past, this court has fixed attorney fee awards on the basis of the penalty issues, which I believe is the proper | ^interpretation of McCarroll and La.R.S. 23:1201. I would affirm the award of attorney fees.