STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1082


HUBERT ROUGEAU, JR.

VERSUS

GOTTSON CONSTRUCTION CO., ET AL.


**********


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 09-02745
SAM L. LOWERY, WORKERS COMPENSATION JUDGE


**********


SHANNON J. GREMILLION
JUDGE


**********


Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Shannon J. Gremillion,
Judges.


AFFIRMED.


Michael B. Miller
Attorney at Law
P. O. Box 1630
Crowley, LA 70527-1630
(337) 785-9500
Counsel for Plaintiff/Appellee:
Hubert Rougeau, Jr.

Jeremy Berthon
Johnson, Stilner & Rahman
P. O. Box 98001
Baton Rouge, LA 70898-8001
(225) 231-0925
Counsel for Defendants/Appellants:
Louisiana Workers' CompensationCorp.
Gottson Construction Co.

**GREMILLION, Judge.**

In this workers' compensation matter, the defendants/appellants ask us to reverse the awards to plaintiff/appellee of "reasonable and necessary medical treatment," penalties and attorney fees, and the amount of attorney fees, $12,600.00. For the reasons that follow, we affirm.

## FACTS

Hubert Rougeau was employed by Gottson Construction Company as a roustabout-mechanic on February 23, 2009, when the drive shaft from a truck fell from a jack onto his left shoulder and elbow. Gottson denied the accident occurred as Rougeau claimed and that he was injured. Rougeau pursued a disputed claim for compensation against Gottson. After trial, the WCJ found that Rougeau was injured as he claimed. Rougeau was awarded temporary total disability benefits of $393.09 per week beginning February 23, 2009, "reasonable and necessary medical treatment," a penalty of $2,000.00 for Gottson's failure to pay weekly indemnity benefits, a $2,000.00 penalty for failure to pay Rougeau's medical expenses, plus attorney fees of $12,600.00.

## ASSIGNMENTS OF ERROR

Gottson and its insurer assign three errors: 1) the award of future medical expenses; 2) the award of penalties and attorney fees; and, 3) the amount of attorney fees.

## ANALYSIS

Gottson maintains that an employer's liability for medical expenses does not arise until they are incurred. Rougeau counters that the employer is liable for all necessary medical and non-medical treatment, pursuant to La.R.S. 23:1203. He concedes that a workers' compensation claimant is not entitled to an award of future

medical expenses, but that the right to pursue expenses is always reserved to the claimant. In this case, though, Rougeau disagrees with Gottson that the effect of the judgment is to render Gottson liable for future medical expenses. Nevertheless, Rougeau disagrees that the judgment should be altered because an employer not subject to a final, nonappealable, judgment who refuses medical treatment is not subject to penalties under La.R.S. 23:1201(G)[1] but rather under La.R.S. 23:1201(F); further, that the deletion of this provision of the judgment would force an unnecessary delay in having his claim for denied benefits heard by a WCJ; and lastly, that reserving the right to seek reimbursement only provides partial relief to the injured employee. Rougeau cites *Wilson v. Ebasco Serv., Inc.*, 393 So.2d 1248 (La. 1981), for the proposition that claims for future medical treatment have been allowed. Rougeau distinguishes between claims for future medical *treatment* and claims for future medical *expenses*.

In *Wilson*, one of the principal issues involved the employer's responsibility to issue a letter of financial responsibility to a pain clinic. Without the letter, the clinic would not admit Wilson into its pain unit program in which she hoped to learn pain coping skills. When clinic personnel contacted the employer's insurer, they were told that no such letter would be issued. Wilson then filed suit to force the issuance. The trial court sided with the employer's contention that the petition failed to state a cause of action. A long line of jurisprudence had held that liability for an

---

[1] "G. If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate."

employee's medical expenses only arises as those expenses are accrued.

When the court of appeal affirmed the trial court's ruling, Wilson sought writs from the Louisiana Supreme Court, which granted her application. The supreme court reversed, finding that the refusal to issue the letter of financial responsibility amounted to a refusal to furnish treatment pursuant to La.R.S. 23:1203.

In the present matter, the WCJ's judgment awards Rougeau reasonable and necessary medical treatment. This awards him nothing more than what is reserved to him as a matter of law. The right to seek reimbursement for reasonable and necessary treatment is provided for by La.R.S. 23:1203. According to La.Code Civ.P. art. 1841, a judgment may award any relief to which the parties are entitled. The law reserves the right to seek reimbursement for expenses of reasonable and necessary medical treatment. La.R.S. 23:1203.

Gottson complains of the award of penalties and attorney fees. A workers' compensation claimant is entitled to attorney fees if an employer or insurer acts arbitrarily, capriciously, and without probable cause in withholding or terminating benefits; withholding benefits is not arbitrary and capricious when based on competent medical evidence. *Courville v. Omni Drilling*, 96-174 (La.App. 3 Cir. 7/10/96), 676 So.2d 861, *writ denied*, 96-2073 (La. 11/8/96), 683 So.2d 276.

The WCJ found—and the evidence demonstrated—that an incident involving Rougeau did occur on February 23, 2009. The details of the incident are disputed, but the essentials are not. Rougeau was assisting a mechanic, Brian Fogleman, remove a transmission from a truck. The driveshaft, which weighed 150 to 200 pounds, began to fall. Rougeau redirected the driveshaft from his chest and face with his left hand. In avoiding the shaft, Rougeau injured his elbow.

3

Rougeau claimed that he notified Fogleman of the incident. Fogleman, whose testimony was presented by deposition, asserted that he did not learn of Rougeau's injury until two days later. That same day, February 25, Rougeau went to the emergency room at Jennings American Legion Hospital. The attending physician, Dr. David Hardey, noted that Rougeau's elbow was swollen. Rougeau was diagnosed with a contusion. The report stated that Rougeau was somewhat agitated when told that his elbow had not been fractured.

On February 27, Rougeau saw Dr. Paul B. Stringfellow of Crowley, Louisiana. Dr. Stringfellow noted a history consistent with Rougeau's version of the accident. Dr. Stringfellow's records reflect his observation of a prominance of the left epicondyle. He diagnosed Rougeau with tendonitis. At the emergency room at Lake Charles Memorial Hospital on April 11, Rougeau was diagnosed with left epicondylitis.

Rougeau sought no further treatment until he saw Dr. Robert Morrow, a Lafayette, Louisiana, orthopedic surgeon, on June 4, 2009. Dr. Morrow diagnosed Rougeau with post-traumatic left shoulder discomfort, left lateral and medial epicondylitis, and left upper extremity complex pain syndrome. He recommended a referral to a pain management specialist. He deemed Rougeau incapable of work for at least two months, from June 4 to August 4, 2009. Rougeau did not return to Dr. Morrow, apparently because Gottson refused to authorize a further visit.

However, Rougeau did return to the emergency room at Lake Charles Memorial Hospital on June 20 with what those records describe as chronic elbow and shoulder pain. The personnel told Rougeau to follow up with his primary care physician and with pain management.

4

The claims adjuster with Louisiana Workers' Compensation Corporation, Gottson's carrier, testified that she decided to deny Rougeau's claim because her recorded statements of Rougeau, his co-workers, and her review of the medical records convinced her that Rougeau was not injured in the incident. In brief, Gottson points to a number of inconsistencies that it contends justified questioning Rougeau's veracity.

According to *Nelson v. Roadway Exp. Inc.,* 588 So.2d 350, 355 (La.1991), "[a]n unjustified belief that an employee's injury did not result from an accident does not excuse failure to pay worker's compensation benefits." Penalties are *stricti juris* and should be imposed only if the facts clearly negate good faith and just cause in connection with the refusal to pay. *Guillory v. Travelers Ins. Co.,* 294 So.2d 215 (La.1974); *Duncan v. State,* 556 So.2d 881 (La. App. 2 Cir.1990). Nevertheless, the WCJ has great discretion to award or deny penalties and attorney fees; his decision will not be disturbed absent abuse of that discretion. *Id.*; *McKenzie v. City of Bossier City*, 585 So.2d 1229 (La. App. 2 Cir.1991). In the face of objective findings of injury by both Dr. Hardey at the emergency room at American Legion and Dr. Morrow in his examination of Rougeau, it was unreasonable for Gottson to deny that Rougeau was injured, absent indication of some other cause of the objective findings. By no means does the WCJ's award of penalties and attorney fees in the face of such evidence represent an abuse of his discretion.

Gottson also complains that the WCJ awarded Rougeau an excessive amount of attorney fees. Rougeau's counsel presented the WCJ with an affidavit attesting to 56 hours of work he dedicated to Rougeau's cause. The $12,600.00 awarded Rougeau would reflect an hourly rate of $225.00 had Rougeau's counsel undertaken

5

the work on such a basis. The court of appeal reviews the amount of an attorney fee award to determine whether the WCJ abused his discretion in awarding an amount that is unreasonable. *Broussard v. West-Cal Const. Co., Inc.*, 676 So.2d 743 (La.App. 3 Cir. 1996). This amount seems high, but not abusively so..

Rougeau answered the appeal and asks for additional attorney fees for work performed on appeal. We have long held that a worker who successfully defends and workers' compensation judgment on appeal is entitled to additional attorney fees. Therefore, we award Rougeau an additional $3,000.00 in attorney fees.

## CONCLUSION

That the judgment includes an award of "reasonable and necessary medical treatment" merely affirms Rougeau's entitlement to such treatment. The judgment does not award Rougeau future medical expenses. The WCJ did not abuse his discretion in awarding Rougeau penalties and attorney fees, nor in the amount of attorney fees he awarded. The judgment of the WCJ is affirmed. Plaintiff/appellant, Hubert Rougeau, is awarded an additional $3,000.00 in attorney fees. All costs of this appeal are taxed to defendants/appellants, Gottson Construction Company and Louisiana Workers' Compensation Corporation.

**AFFIRMED.**

6