# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-203

KIRK WELDON

VERSUS

HOLIDAY INN - JENNINGS

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 04-06572
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**REVERSED AND RENDERED.**

H. Douglas Hunter
Guglielmo, Lopez, Tuttle, Hunter, & Jarrell, LLP
P. O. Drawer 1329
Opelousas, LA 70571-1329
(337) 948-8201
Counsel for Defendant-Appellant:
Holiday Inn - Jennings


Michael Benny Miller
Miller & Miller
P. O. Box 1630
Crowley, LA 70527-1630
(337) 785-9500
Counsel for Plaintiff-Appellant:
Kirk Weldon

**PICKETT, Judge.**

Both the claimant, Kirk Weldon, and the employer, Holiday Inn – Jennings appeal a judgment of the Office of Workers' Compensation awarding Weldon penalties and attorneys' fees.

## STATEMENT OF THE CASE

Kirk Weldon was injured while lifting a hot water heater in the course and scope of his employment with Holiday Inn on February 6, 2004. On May 10, 2005, the parties entered a consent judgment into the record, which stated:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants pay weekly compensation benefits beginning February 7, 2004 in the amount of $266.55 per week, based upon an average weekly wage of $399.82 ($384.62 plus $15.20 in fringe benefits).

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants will pay for the medication, Aciphex, and reasonable and necessary medical treatment related to the injury of KIRK WELDON. Defendants reserve the right to contest the connection of the hernia with the accident.

On January 20, 2010, Weldon filed a Motion and Order for Penalties and Attorneys' Fees. Weldon asserted that Holiday Inn violated the consent judgment by terminating weekly benefits, failing to approve and pay for a prescription for Aciphex, and failing to reimburse Weldon properly for mileage to receive medical treatment. A hearing on the motion was held on June 3, 2010. At the hearing, Weldon, in addition to the issues raised in the motion, alleged that Holiday Inn failed to pay medical bills from March 26, 2008, and he sought additional penalties and attorneys' fees.

Holiday Inn claimed it had the right to decrease Weldon's compensation because he earned over $27,000.00 from the sale of his stock in a barbecue sauce company. It claimed they never terminated Weldon's benefits, but it did admit to decreasing the benefits to $400.00 per month. Holiday Inn argued that Weldon

**1**

could not produce the prescription for Aciphex that was not filled, so its failure to pay had not been proven. On the issue of mileage reimbursement, it was clear that Holiday Inn miscalculated the mileage reimbursement on one occasion and paid the reimbursement four months after it was submitted on another occasion. Finally, Holiday Inn argued that it did not pay the medical bills from March 2008 because they related to Weldon's treatment for a hiatal hernia, which was specifically not covered by the May 2005 judgment. Further, they argued that those bills were incurred prior to a previous judgment awarding penalties and attorneys' fees, so res judicata barred those claims now.

The Workers' Compensation Judge (WCJ) entered oral reasons into the record on October 4, 2010. The trial court found that Holiday Inn terminated benefits in May 2010 and awarded $8,000.00 in penalties pursuant to La.R.S. 23:1201(I). The WCJ also found that Holiday Inn failed to pay for Aciphex and "improperly or tardily paid for the medical mileage and medical bills." Finding that the $8,000.00 penalty was the maximum that he could award, though, he did not award additional penalties. The WCJ also awarded attorneys' fees of $12,937.50 (fifty-seven and a half hours at $225 per hour).

Both parties now appeal the judgment of the WCJ.

### ASSIGNMENTS OF ERROR

In its appeal, Holiday Inn assigns two errors:

1. The trial court committed manifest error in awarding penalties in the amount of $8,000.00 for termination of benefits.

2. The trial court committed manifest error in awarding an attorney fee in the amount of $12,937.50.

Weldon asserts five assignments of error:

1. The Workers' Compensation Judge erred in failing to allow the payment ledger showing indemnity payments made into evidence.

2

2. The Workers' Compensation Judge erred in failing to award penalties due to the failure of defendants to properly pay weekly benefits.

3. The Workers' Compensation Judge erred in failing to award penalties for failure to guarantee and/or pay for medical benefits.

4. It was error for the Workers' Compensation to fail to include expenses in the judgment.

5. It was error for the Workers' Compensation Judge to fail to include legal interest on all amounts due in the judgment.

In addition, Weldon seeks attorneys' fees for work done on this appeal.

## DISCUSSION

*Payment Ledger*

We will begin by discussing the evidentiary issue raised by Weldon. Weldon sought to introduce a ledger of payments from Holiday Inn received by his attorney on his behalf. Holiday Inn objected to the introduction of the ledger, prepared by Weldon's attorney's secretary, on the grounds that Weldon failed to lay a proper foundation for the document. Weldon proffered the document and now argues that the ledger should have been admitted. He claims that since the check stubs are available and could have been admitted, the ledger is clearly admissible. We disagree. A WCJ has the discretion to admit evidence that would be inadmissible according to the Code of Evidence. La.R.S. 23:1317. We find here that the WCJ did not abuse his discretion in denying the admission of the ledger and in not considering the ledger in making his ruling. This assignment of error lacks merit.

*Penalty for Termination of Benefits*

Holiday Inn argues that the WCJ erred in awarding an $8,000.00 penalty for the termination of benefits pursuant to La.R.S. 23:1201(I). The record is clear that Holiday Inn never terminated benefits to Weldon, though it did stipulate that it

reduced the benefits from $266.55 per week to $400.00 per month. Weldon, in brief to this court, agrees that benefits were never terminated. The WCJ's determination was clearly erroneous. We reverse the judgment of the WCJ awarding an $8,000.00 penalty to Weldon. As we find the penalty award inappropriate, we also reverse the award of attorneys fees. As we have found that the trial court committed manifest error and applied the incorrect law, we will review the remainder of the issues de novo.

*Failure to Pay Weekly Benefits*

While Weldon does not seriously dispute that the award of an $8,000.00 penalty for discontinuance of benefits is improper, he does argue that the WCJ erred in failing assess penalties against Holiday Inn for (1) paying benefits monthly rather than weekly beginning in September 2009 and (2) reducing benefits to $400.00 per month beginning in November 2009. Weldon argues that each of these violations should result in a $3,000.00 penalty pursuant to La.R.S. 23:1201(G).

Holiday Inn argues that filing a Motion for Penalties and Attorney Fees is the improper procedure to recover the fees. The claim they are authorized to modify the payments agreed to under the consent judgment because the payments were not for temporary total disability, citing La.R.S. 23:1310.8(F). We disagree. It is clear from the record that Holiday Inn violated the May 10, 2005, judgment when they stopped paying benefits weekly and began paying benefits monthly. Louisiana Revised Statutes 23:1201(G) states:

> If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in

4

addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

Because the payment ledger was properly excluded, there is no evidence in the record to support Weldon's first assertion that benefits were converted from weekly payments to monthly payments other than the arguments of Weldon's attorney at the hearing. We find that Weldon failed to prove a violation of the judgment, and we will not award any penalties for this claim.

Holiday Inn stipulated, however, that they unilaterally decreased benefits to $400.00 per month upon learning that Weldon sold his stock in a closely-held corporation for $40,000.00. Holiday Inn became aware of this payment because Weldon reported income on his 2007 tax return of $27,456.00. Holiday Inn claimed this payment was the equivalent of wages and decided to offset his benefits. At the hearing, Weldon testified that prior to 2001 he stopped doing work for the barbecue sauce business. At that time, another person operated the business and collected the profits. The payment in 2007 was for the sale of the business and was the sale of an asset, not wages. We find that in this case, Holiday Inn was not entitled to offset the amount it was ordered to pay Weldon by the May 10, 2005, judgment. Therefore, Weldon is entitled to a $3,000.00 penalty pursuant to La.R.S. 23:1201(G). Weldon is also entitled to attorneys' fees.

*Mileage Reimbursement*

The judgment of May 10, 2005, required that Holiday Inn pay for reasonable and necessary medical treatment, which includes reimbursement for mileage traveled for medical treatment. The record is clear that Holiday Inn underpaid the

5

mileage reimbursement submitted by Weldon on August 6, 2008.  We find that an award of penalties of $3,000.00 and attorneys' fees is appropriate for this violation of the judgment.  We are not persuaded by Holiday Inn's arguments that in order to award a penalty for failing to pay pursuant to a judgment, the award must be for a specific sum.  Louisiana Revised Statutes 23:1201(G) has no such requirement, and Holiday Inn has not cited any jurisprudence, nor can we find any, that reads this requirement into the statute.  Furthermore, we find that Holiday Inn had an ample opportunity and notice and that Weldon was not required to file a disputed claim for compensation to recover this penalty.

Likewise, we find that Holiday's failure to pay a mileage reimbursement submitted by Weldon on September 2, 2009, for four months without any explanation entitles Weldon to another $3,000.00 penalty and attorneys' fees.

*Denial of Aciphex Prescription*

The May 10, 2005, judgment clearly required Holiday Inn to pay for Weldon's prescription of Aciphex.  Weldon testified that he went to a pharmacy and the insurance provided by Holiday Inn refused to pay for the prescription to Aciphex.  When he called the number provided on the insurance card provided to him, they explained that the prescription was not covered.  Given the very specific nature of the judgment, we find that Holiday Inn's failure to pay for the prescription entitles Weldon to penalties in the amount of $3,000.00 and attorneys' fees.  Holiday Inn's argument that Weldon has to introduce the rejected prescription in order to recover is not persuasive.

*Denial of Payment for Hernia Procedure*

Finally, Weldon asks for penalties and attorneys' fees for Holiday Inn's failure to pay for a hernia procedure in 2008.  Here, we agree with Holiday Inn that

6

this issue is not properly raised by a Motion for Penalties and Attorneys' Fees. In the May 10, 2005, judgment, Holiday Inn reserved the right to contest the issue of whether the hernia was caused by the work-related accident. Thus, the appropriate way for Weldon to seek payment for these bills is through a disputed claim for compensation. Furthermore, the issue of the medical payments for the hernia procedure was only discussed tangentially in the hearing below, and the WCJ failed to rule on the issue. Thus, it is not ripe for review.

*Attorneys' Fees*

We have found that Weldon is entitled to $12,000.00 in penalties for Holiday Inn's failure to pay benefits pursuant to the May 10, 2005, judgment. Weldon's attorney, Michael Miller, submitted an affidavit showing that he worked fifty-seven and a half hours on the case and had $216.20 cents in expenses. The affidavit also stated that his hourly rate is $225.00. The trial court awarded attorneys' fees of $12,937.50 (fifty-seven and a half hours at $225.00 per hour). While we find Miller's rate reasonable, we find it necessary to decrease the award by some amount on account of the fact that the issue of payment for the hernia procedure is included in his affidavit. Mr. Miller also included time spent in the prosecution of a Motion to Quash unrelated to this hearing. We find that it is reasonable that thirty-five hours were spent by Mr. Miller on the issues for which we have awarded penalties and attorneys' fees, plus four hours for the hearing below. We also find that the trial court erred in not including the expenses in the calculation of attorneys' fees. Thus, we award $8,991.20 for attorneys' fees to Weldon. We also award $2,250.00 in attorneys' fees for work done on appeal.

*Interest*

In *Smith v. Quarles Drilling Co.*, 04-179 (La. 10/29/04), 885 So.2d 562, the supreme court held that while La.R.S. 23:1201.3 does not require that interest be included for an award of penalties and attorneys' fees, it should be awarded where the claimant prayed for interest in his pleadings. Here, Weldon did pray for interest on penalties and attorneys' fees. Thus, it was error for the WCJ to fail to include interest.

## CONCLUSION

The judgment of the WCJ awarding $8,000.00 in penalties and $12,937.50 in penalties is reversed. Holiday Inn is ordered to pay $12,000.00 in penalties for failure to pay benefits pursuant to a final, nonappealable judgment and $8,991.20 in attorneys' fees, plus legal interest. We also award $2,250.00 in attorneys' fees for work done on appeal. Costs of this appeal are cast in equal portions to Weldon and Holiday Inn.

**REVERSED AND RENDERED.**