STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

THOMAS BOYD BIHM

VERSUS

UNIT DRILLING COMPANY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 04
PARISH OF LAFAYETTE, NO. 11-02798
SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED AS AMENDED.**

Lawrence N. Curtis
Lawrence N. Curtis, LTD.
P. O. Box 80247
Lafayette, LA 70598-0247
(337) 235-1825
COUNSEL FOR PLAINTIFF/APPELLANT:
        Thomas Boyd Bihm

Joseph R. Pousson, Jr.
Kendrick J. Guidry
Plauche, Smith & Nieset
P. O. Drawer 1705
Lake Charles, LA 70602-1705
(337) 436-0522

**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Unit Drilling Company**
    **Liberty Mutual Insurance Company**

**PETERS, J.**

The plaintiff in this workers' compensation case, Thomas Boyd Bihm, appeals the sufficiency of the attorney fee awarded in his favor. For the following reasons, we affirm the hourly rate used by the workers' compensation judge (WCJ) to calculate the attorney fee award, but amend the award by adjusting upward the number of hours on which the award is based.

## DISCUSSION OF THE RECORD

On November 8, 2000, Mr. Bihm sustained a knee injury while working as a tool pusher for Unit Drilling Company. During the rehabilitation process, Mr. Bihm gained a significant amount of weight which precluded the necessary knee-replacement surgery recommended by his treating physician. To address this complication, his physician ordered bariatric evaluation and surgery. When presented with this recommendation, Liberty Mutual Insurance Company (Liberty Mutual), the employer's workers' compensation insurer, refused to approve the recommendation.

In response, on April 14, 2011, Mr. Bihm filed a Disputed Claim for Compensation with the Office of Workers' Compensation. In his claim, Mr. Bihm identified the dispute as being the insurer's failure to authorize the medical treatment, and he requested a judgment authorizing the treatment and awarding penalties, attorney fees, and interest for Liberty Mutual's actions. The WCJ ultimately scheduled the matter for trial on November 10, 2011, but approximately two weeks before the scheduled trial, Liberty Mutual agreed to approve the bariatric evaluation and subsequent surgery, if found to be necessary. This action by Liberty Mutual left only the issues of penalties and attorney fees to be determined by the WCJ.

At the November 10th trial, the litigants entered into a stipulation concerning the agreement on the medical treatment. The WCJ then continued the remaining matters until a December 6, 2011 telephone conference hearing, to allow Mr. Bihm's counsel the opportunity to prepare and submit an affidavit concerning his time spent in the prosecution of the claim.

On November 16, 2011, Mr. Bihm's counsel submitted an affidavit reflecting that he had worked 108.8 hours on the litigation, that his hourly rate was $250.00, and that he was entitled to a $27,200.00 attorney fee. Both sides briefed the attorney fee issue after the affidavit was filed. The December 6, 2011 telephone conference resulted in the WCJ awarding attorney fees based on sixty hours of work at an hourly rate of $200.00. On January 24, 2012, the WCJ executed a written judgment awarding Mr. Bihm a $2,000.00 penalty, $2,998.98 in expenses, and a $12,000.00 attorney fee.

Thereafter, Mr. Bihm perfected this appeal, wherein he asserts as his sole assignment of error that the WCJ erred in not awarding him the $27,200.00 as evidenced by his attorney's affidavit.

**OPINION**

The record before us establishes that Mr. Bihm sustained his injury on November 8, 2000. It does not seem to be disputed that he needs knee replacement surgery, but is not a candidate because of his excess weight. The record also establishes that by fax correspondence dated February 10, 2011, Liberty Mutual denied Mr. Bihm's request for approval of gastric sleeve surgery. This rejection resulted in Mr. Bihm filing his April 14, 2011 Disputed Claim for Compensation wherein the only issue raised was the insurer's refusal to pay for this medical procedure.

2

Liberty Mutual and Unit Drilling Company filed an answer to Mr. Bihm's claim on May 16, 2011. Despite having paid benefits since 2000, the defendants pled numerous defenses not directly related to the medical care claim. The defendants first denied that Mr. Bihm sustained an on-the-job injury. Then, in the event the WCJ determined that Mr. Bihm did sustain a compensable injury, the defendants asserted that their failure to pay for the medical procedure was "based on competent medical opinion and the investigation of this complaint"; that Mr. Bihm was currently able to return to gainful employment; that they were entitled to a reduction in benefit payments based on payments from other sources of disability payments; and that Mr. Bihm was only entitled to supplemental earnings benefits. In their answer, the defendants also entered an advance objection to Mr. Bihm attempting to introduce any of the medical reports attached to his Disputed Claim for Compensation as being hearsay and otherwise not properly verified by the Office of Workers' Compensation Administration Rules and Regulations. Finally, the defendants attempted to affirmatively plead all defenses available to them pursuant to La.R.S. 23:1208 (for fraud in seeking workers' compensation benefits) and La.R.S. 23:1208.1 (for failure to disclose prior injuries).

On August 2, 2011, the WCJ issued a Scheduling Conference Order which, among other matters, set September 20, 2011, as a cut-off date for discovery and set trial for November 10, 2011. However, because of outstanding discovery responses due from Mr. Bihm, the defendants sought and obtained an extension of the discovery cut-off date until October 21, 2011. The WCJ executed this order on September 20, 2011.

The August 2, 2011 Scheduling Conference Order also ordered that pre-trial statements be filed by October 20, 2011. On October 7, 2011, Mr. Bihm filed his

3

pre-trial statement, and the defendants followed suit on October 20, 2007. In his pre-trial statement, Mr. Bihm set forth the particulars of his claim for payment of the medical procedure and attached a number of documents in support of his claim. The defendant's pre-trial statement expanded Mr. Bihm's claim by listing five issues and eight defense contentions to be addressed by the WCJ. The only claim not continued from the original answer filed by the defendants was that Mr. Bihm did not sustain an on-the-job injury. Both litigants suggested that the records to be introduced into evidence were voluminous and that there would be multiple witnesses called at trial.

Next came a pretrial dispute over an October 25, 2011 subpoena and subpoena duces tecum requested by Mr. Bihm and directed at obtaining the contents of Liberty Mutual's case file. However, before the WCJ ruled on this dispute, Liberty Mutual agreed to authorize the medical procedure.

On November 10, 2011, the litigants appeared for trial, but announced to the WCJ that the underlying issue had been resolved and that the only remaining issue was that of penalties and attorney fees. Obviously, Liberty Mutual conceded without the necessity of evidence being adduced that it was arbitrary and capricious in failing to authorize the medical procedure because, while the January 24, 2012 judgment awarded Mr. Bihm a $2,000.00 penalty, the December 6, 2011 telephone conference mentions only the attorney fee issue. In fact, it appears from the record before us that the WCJ's ruling on the attorney fee issue was based solely on the affidavit of Mr. Bihm's counsel and the briefs submitted on that issue. In rendering its decision, the WCJ stated the following:

> And I'm going to fix the attorney's fees at Twelve Thousand Dollars ($12,000.00). I think the issue was a narrow one. It was, as Mr. Pousson said in his brief, primarily a legal one. Facts were not in great dispute, and the gastric surgery was authorized two weeks

4

before the trial. I think sixty hours is a reasonable amount of time, and I think Two Hundred Dollars ($200.00) is a reasonable fee, and I came out at Twelve Thousand Dollars.

There's another case that I ruled on, one of mine, the *Lester Smith* case, where the court even set the award at One Hundred Dollars ($100.00) an hour for Mr. Michael Miller, who I think we all recognize as a very experienced competent attorney also. I approach it somewhat along the sliding scale that the factors governing attorney's fees allow for, and that is the issues versus the skill of the attorney. Here, we have a very, very skilled attorney. The issue was not an overly complicated one. For that reason, I do set the fee at Twelve Thousand Dollars.

With regard to attorney fee awards, this court has stated:

The reasonableness of an attorney fee award is based on "the degree of skill and ability exercised, the amount of the claim, the amount recovered for the plaintiff, and the amount of time devoted to the case." *Naquin v. Uniroyal Inc.*, 405 So.2d 525, 528 (La.1981); *see also Cormier v. State, Dep't of Wildlife and Fisheries*, 07-642, pp. 26-27 (La.App. 3 Cir. 11/21/07), 970 So.2d 1216, 1232, *writ denied*, 07-2466 (La.2/15/08), 976 So.2d 186 (quoting *Lambert v. Brookshire Grocery Co.*, 06-1001, pp. 21-22 (La.App. 3 Cir. 12/20/06), 945 So.2d 918, 933).

*Williams v. Tioga Manor Nursing Home*, 09-417, pp. 26-27 (La.App. 3 Cir. 11/18/09), 24 So.3d 970, 986, *writ denied*, 10-298 (La. 4/9/10), 31 So.3d 389.

The twenty-nine page affidavit filed by Mr. Bihm's counsel is divided into categories addressing the attorney's education, experience, membership in professional organizations, past speaking engagements, the time contributed to the case, the expenses incurred in the case, and references to other attorney-fee awards. Thus, the affidavit, when considered in the context of the record before us, clearly addresses the factors to be considered by the WCJ as set forth in *Williams*.

Although the attachments to Mr. Bihm's Disputed Claim for Compensation establishes that his counsel had been representing him in negotiations with Liberty Mutual concerning the approval of the gastric sleeve surgery as early as April 30, 2009, the first entry for services rendered to Mr. Bihm by his counsel in the November 16, 2011 affidavit reflects participation in a conference with a

5

vocational rehabilitationist and a physician held on January 13, 2010. The remaining 121 entries after January 13, 2011, and through November 10, 2011, comprise twenty-one pages of the affidavit, and those entries are followed by three pages of thirty-two expense entries.

In their brief to the WCJ, the defendants conceded that Mr. Bihm was entitled to an attorney fee award and did not question any of the factors set forth in *Williams*, other than the amount of time Mr. Bihm's counsel devoted to the case. In their brief to the WCJ, the defendants asserted that the hourly rate should be $150.00 and that the reimbursable time should be reduced to 61.4 hours. The WCJ rejected the defendants' argument that the hourly rate should be $150.00, and they have not appealed that rejection. However, the WCJ did adopt their argument concerning the amount of time involved and reduced the compensable time to sixty hours—less than that proposed by the defendants.

The defendants noted in their brief to the WCJ that the affidavit contained a duplicate four-hour entry on October 4 and October 6, 2011. Otherwise, while they argued that the litigation was rather uncomplicated, they did not assert that 104.8 hours were not spent in the prosecution of Mr. Bihm's claim. Instead, the defendants based their argument to the WCJ, that the compensable hours should be reduced to 61.4 hours, on adjustments they made to the affidavit's time entries. These adjustments derived from the defendant's arguments that certain entries should have been handled by office personnel, i.e., a paralegal or a secretary, other than Mr. Bihm's attorney or simply from arbitrary reductions the defendants thought appropriate.

6

In its reasons for judgment, the WCJ seemed to base its decision on its understanding that the litigation was uncomplicated and that the single issue had been resolved before trial. We find this assessment to be in error.

While the matter should have been uncomplicated, the defendants chose to complicate it by raising every possible defense imaginable in its answer so as to preclude early resolution of the single issue. Given the particulars of the answer and the meritless issues raised therein, it is clear to this court that the defendants intended to make it as difficult and expensive as possible for Mr. Bihm to pursue his right to medical care. They followed this path of greatest resistance until the very last minute, only capitulating to the single issue resolution two weeks before trial. Their delay strategy is reflected in the fact that they voluntarily abandoned their position before trial and accepted a $2,000.00 statutory penalty.

We recognize that "the WCJ's award of attorney fees, that is the actual amount awarded, is entitled to great discretion and will not be disturbed absent an abuse of that discretion." *Minor v. J & J Carpet, Inc.*, 10-45, p. 11 (La.App. 3 Cir. 6/2/10), 40 So.3d 434, 441-42. However, we find no authority to suggest that a competent attorney should delegate his or her representation responsibilities to a paralegal or office worker. Additionally, if one breaks down the hours of representation on a monthly basis beginning in April of 2009, the result would be a mere 3.5 hours per month devoted to this client. Even if the analysis were made beginning in January of 2010, corresponding to the first entry in the affidavit, the time would only be increased to 4.75 hours per month. We find the WCJ abused its discretion in reducing the number of hours on which to base the attorney fee to sixty hours.

7

However, we find no abuse of discretion in the WCJ's setting of the hourly rate for attorney fees at $200.00 per hour. *Weldon v. Holiday Inn-Jennings*, 11-203 (La.App. 3 Cir. 10/5/11), 76 So.3d 115, *writ denied*, 11-2463 (La. 1/20/12), 78 So.3d 144 (hourly rate of $225.00 per hour was reasonable); *Rougeau v. Gottson Constr. Co.*, 10-1082 (La.App. 3 Cir. 2/9/11), 57 So.3d 576, *writ denied*, 11-492 (La. 4/25/11), 62 So.3d 90 (hourly rate of $225.00 was not abusively high).

**DISPOSITION**

We affirm the workers' compensation judge's setting of the hourly rate at $200.00, but amend the sixty hour award by increasing it to 104.8 hours. Thus, we increase the attorney fee award from $12,000.00 to $20,960.00. We assess all costs of this appeal to Unit Drilling Company and Liberty Mutual Insurance Company.

**AFFIRMED AS AMENDED.**