ERNEST ROMERO

VERSUS

FLOWERS BAKING COMPANY
OF LAFAYETTE, LLC

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF VERMILION, DOCKET NO. 11-02789
ADAM JOHNSON, WORKERS' COMPENSATION JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

Cooks, J., dissents in part and assigns written reasons.

**AFFIRMED.**

Michael B. Miller
Jacqueline B. Manecke
Post Office Drawer 1630
Crowley, Louisiana 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLANT:
    Ernest Romero


Robert J. May
The Whiteley Law Firm
8200 Hampson Street, Suite 302
New Orleans, Louisiana 70118
(504) 266-2024
COUNSEL FOR DEFENDANT/APPELLEE:
    Flowers Baking Company of Lafayette, LLC

**GENOVESE, Judge.**

In this workers' compensation case, Claimant, Ernest Romero, appeals the judgment of the Office of Workers' Compensation in favor of his employer, Flowers Baking Company of Lafayette, LLC (Flowers), denying his claims for certain penalties. He also appeals the amount awarded for attorney fees and seeks an additional award of attorney fees for work done on appeal. For the following reasons, we affirm the judgment of the Office of Workers' Compensation.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Romero was injured on May 30, 2010, while in the course and scope of his employment with Flowers. On April 13, 2011, Mr. Romero filed a Disputed Claim for Compensation alleging that Flowers: (1) failed to timely pay indemnity benefits for five different pay periods; (2) denied a doctor-recommended electromyogram/nerve conduction study (EMG/NCS); (3) failed to properly pay mileage expenses incurred in connection with medical treatment and the filling of prescriptions; and (4) failed to timely pay a medical bill for treatment rendered by Dr. John E. Cobb. Flowers denied improperly handling Mr. Romero's claims and maintained that it had, in fact, timely approved the EMG/NCS.

Following trial on April 3, 2012, the Workers' Compensation Judge (WCJ) awarded Mr. Romero: (1) penalties in the amount of $950.00 for Flowers' failure to timely pay indemnity benefits for three different pay periods; (2) penalties in the amount of $4,000.00 for failure to timely pay mileage reimbursements; and (3) attorney fees in the amount of $5,000.00. The WCJ denied Mr. Romero's request for penalties for his claims that Flowers denied the doctor-recommended EMG/NCS and failed to timely pay a medical bill for treatment rendered by Dr. Cobb. A judgment was signed on June 18, 2012. Mr. Romero appeals.

## ASSIGNMENTS OF ERROR

In his appeal, Mr. Romero asserts four assignments of error:

1.) The [WCJ] legally erred in relying upon incompetent hearsay evidence contained in Defendant['s] Exhibits 11, 20, and 22.

2.) The [WCJ] erred in denying a penalty under La.R.S. 23:1201(F) for [Flowers'] denial of the EMG testing of Mr. Romero's upper and lower extremities on October 12, 2011.

3.) The [WCJ] erred in denying a penalty under La.R.S. 23:1201(F) for [Flowers'] late payment of Dr. Cobb's bill.

4.) The [WCJ] erred in only awarding $5,000.00 in attorney[] fees.

Mr. Romero also seeks an additional award of attorney fees for work done on appeal.

## LAW AND DISCUSSION

[F]actual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. *Smith v. Louisiana Dept. of Corrections*, 93-1305 (La.2/28/94), 633 So.2d 129, 132; *Freeman v. Poulan/Weed Eater*, 93-1530 (La.1/14/94), 630 So.2d 733, 737-38. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Freeman*, *supra* at 737-38; *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La.1993); *Mart v. Hill*, 505 So.2d 1120, 1127 (La.1987).

*Poissenot v. St. Bernard Parish Sheriff's Office*, 09-2793, p. 6 (La. 1/9/11), 56 So.3d 170, 174.

### First Assignment of Error

The first assignment of error concerns the admission of evidence. The evidence under consideration relates to the matter raised in Mr. Romero's second assignment of error—whether the denial of a penalty against Flowers for its alleged failure to timely approve Mr. Romero's EMG/NCS was error.

Mr. Romero argues that the WCJ committed legal error by relying upon what he alleges was incompetent evidence in ruling that Flowers had not denied a doctor-recommended EMG/NCS. At trial, Mr. Romero offered Plaintiff's Exhibit 5, a Utilization Review Notice of Denial from Bluegrass Health Network, Inc. (BHN), the utilization review company for Flowers' workers' compensation claims. BHN concluded that the EMG/NCS was not medically necessary and, on October 12, 2011, sent notice of its recommendation to Flowers that Mr. Romero's request for said test be denied. The Utilization Review Notice of Denial from BHN to Flowers is what Mr. Romero alleges equates to a denial of the EMG/NCS by Flowers; and, therefore, Flowers owed penalties due to a violation of La.R.S. 23:1201(F). Flowers refutes that it ever denied the test recommended by Dr. Hodges on September 15, 2011. Flowers contends that it approved the administration of Mr. Romero's EMG/NCS through Alice Turner, an adjuster with Underwriters Safety and Claims (Underwriters).[1]

At trial, Flowers offered Defendant's Exhibit 11, its adjuster's note detailing that on October 25, 2011, forty days after Dr. Hodges requested the EMG/NCS, Ms. Turner called Lafayette Bone and Joint Clinic and advised a member of Dr. Hodges' staff that the requested EMG/NCS was approved. Flowers also offered into evidence Defendant's Exhibit 20, correspondence from its counsel to Mr. Romero's counsel dated February 3, 2012, and Defendant's Exhibit 22, correspondence from its counsel to Dr. Hodges dated February 27, 2012. According to Flowers, the letters its counsel sent to Mr. Romero's counsel and to Dr. Hodges were sent in an effort to explain that an approval had been

_____

[1]Mr. Romero's workers' compensation claim was administered on behalf of Flowers by Underwriters.

3

communicated through Ms. Turner since October 2011, and that Mr. Romero could, and should, submit to an EMG/NCS. [2]

In ruling on the issue of whether of Mr. Romero was entitled to a penalty for Flowers' denial of the EMG/NCS, the WCJ stated:

> The controversy stems from Dr. Hodges' September 15, 2011 request for the EMG/NCS. The Utilization review recommended that the test be denied, however, [Flowers] did not rely on the utilization review. According to Defendant's Exhibit 11, titled "Detail Notes;" with a date entered on October 25, 2011, and I'm quoting, "PC to Lafayette Bone & Joint. Spoke with Allie. Approved the EMG/NCS. Requested that they send it through One Call Medical." This was done within 60 days of the recommended tests by Dr. Hodges. Being that penal statutes are strictly construed[,] the [c]ourt denies penalties in regard to the EMG/NCS.

On appeal, Mr. Romero asserts that the WCJ committed legal error when it relied upon incompetent evidence and "denied a penalty for [Flowers'] denial of EMG testing recommended by Dr. [Ricardo] Leoni and Dr. [Daniel] Hodges by relying upon [Flowers'] adjuster's claim notes (Defendant['s] Exhibit 11) and correspondence from counsel for [Flowers] ([Defendant's] Exhibits 20 and 22)[,] which are hearsay, unreliable[,] and 'self-serving' documents." Thus, Mr. Romero asserts that due to the trial court's error in relying upon the incompetent evidence, we "must conduct a de novo review of the competent record evidence, with no deference being given to the judge's findings of fact."

Evidentiary standards in workers' compensation cases are relaxed by comparison to those in ordinary civil actions. Louisiana Revised Statutes 23:1317(A) provides, in pertinent part that "[t]he workers' compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence . . . ."

---

[2]At the April 3, 2012 trial, Mr. Romero testified that he had yet to have the EMG/NCS because Flowers denied said test.

The relaxed evidentiary rules in workers' compensation cases were explained by our supreme court in *Chaisson v. Cajun Bag & Supply Co.*, 97-1225, pp. 9-10 (La. 3/4/98), 708 So.2d 375, 381 (footnote omitted), as follows:

> [Louisiana Revised Statutes] 23:1317 mandates that the hearing officer's factual findings be based on "competent evidence." LA.REV.STAT. ANN. 23:1317(A) (West Supp.1997). This legislative mandate is necessary because under the express language of LSA-RS 23:1317, worker's compensation hearing officers are "not bound by the technical rules of evidence." *Id.* In other words, the hearing officer has the discretion to admit evidence that would otherwise be inadmissible under the Louisiana Code of Evidence. This more relaxed standard for the admissibility of evidence is the general rule in proceedings before administrative agencies. MCCORMICK ON EVIDENCE § 352 (4th ed.1992). The legislative requirement that a hearing officer's factual findings be based upon competent evidence is the safeguard that ensures that the factual findings are made on evidence that has some degree of reliability and trustworthiness, notwithstanding that the evidence might fall outside of the technical rules for admissibility. Therefore, when a reviewing court evaluates the factual findings of a hearing officer under the manifest error standard, it must determine whether the factual findings are reasonable *and supported by competent evidence in the record*. Although the Legislature has not defined "competent evidence," in order to give the relaxed evidentiary standard in LSA-RS 23:1317 effect, it must not be defined so narrowly as to mean only evidence that would fall within the parameters of the Louisiana Code of Evidence. If the hearing officer's factual findings are reasonably supported by competent evidence, then the reviewing court must affirm them.

Considering the relaxed rules relative to the WCJ's admission of evidence, we find that the contents of Defendant's Exhibits 11, 20, and 22, when scrutinized against the record herein, have a degree of reliability and trustworthiness which makes the WCJ's consideration thereof reasonable and supported by competent evidence in the record. The adjuster's notes were entries in a record of regularly conducted business activity. Counsel for Mr. Romero was well aware of the existence of the adjuster's notes and could have easily subpoenaed her for trial and cross examination or taken her deposition. That was not done.

5

We do not find that the WCJ abused its discretion by admitting the alleged hearsay evidence. Therefore, contrary to the arguments of Mr. Romero, we do not find any legal error warranting a de novo review of the record. Accordingly, we will apply the legally required manifest error standard of review in assessing the second assignment of error relative to whether the denial of a penalty against Flowers for its alleged failure to timely approve Mr. Romero's EMG/NCS was error.

### *Second Assignment of Error*

We find it noteworthy that, at trial, Mr. Romero argued he was entitled to a penalty based on Flowers' failure to timely approve the EMG/NCS recommended by Dr. Hodges; however, on appeal, Mr. Romero argues he is entitled to a penalty based on Flowers' failure to timely approve the EMG/NCS recommended by Dr. Leoni, purportedly made prior to Dr. Hodges' recommendation. However, we find no evidence in the record that Flowers was ever told of a request for an EMG/NCS from Dr. Leoni; thus, we find this argument unfounded.

The record does not support Mr. Romero's claim that the WCJ's denial of a penalty against Flowers for its alleged failure to timely approve Mr. Romero's EMG/NCS was erroneous. Mr. Romero improperly relied upon the Utilization Review Notice of Denial from BHN as being a denial by Flowers. However, Flowers sufficiently refuted ever denying the EMG/NCS through its evidence presented to the WCJ. Despite having been advised by BHN to deny the EMG/NCS, the record establishes that an approval of the EMG/NCS was communicated to Dr. Hodges less than sixty days after receiving a request for said test. Therefore, there was no violation of La.R.S. 23:1201(F). We find the WCJ

6

was not manifestly erroneous or clearly wrong in denying a penalty relative to the EMG/NCS. This assignment of error is without merit.

***Third Assignment of Error***

Mr. Romero alleges that Flowers violated La.R.S. 23:1201(E) by failing to timely pay a medical bill for treatment rendered by Dr. Cobb. Mr. Romero asserts that the WCJ erred in not awarding a penalty as permitted by La.R.S. 23:1201(F).

Louisiana Revised Statutes Article 23:1201(E) states: "Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof." Louisiana Revised Statutes Article 23:1201(F) concerns Flowers' failure to pay a medical bill timely, stating, in relevant part:

> [F]ailure to provide payment in accordance with this Section . . . shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars.

According to Mr. Romero, Dr. Cobb rendered medical treatment to him on August 16, 2010; however, Flowers did not pay the claim until February 21, 2012. For this, Mr. Romero argues that the WCJ's denial of a penalty against Flowers for its alleged failure to timely pay Dr. Cobb's medical bill was error. We disagree.

The sole piece of evidence offered by Mr. Romero relative to this issue is a claim form indicating the bill was submitted for payment by Dr. Cobb's office on January 27, 2011. The record supports the WCJ's finding that there was no proof that Flowers failed to pay this bill timely. Without any evidence that this bill was

7

presented any earlier, we cannot conclude that Flowers failed to timely pay Dr. Cobb's bill within sixty days of its receipt. We find no error in the WCJ's determination that Flowers was not liable for a penalty and attorney fees relative to Dr. Cobb's bill pursuant to La.R.S. 23:1201(E).

***Fourth Assignment of Error***

Mr. Romero appeals the sufficiency of the attorney fees awarded. The WCJ found that Mr. Romero was entitled to $5,000.00; whereas, Mr. Romero argues that he should have been awarded $8,400.00.

> With regard to attorney fee awards, this court has stated:
>
> The reasonableness of an attorney fee award is based on "the degree of skill and ability exercised, the amount of the claim, the amount recovered for the plaintiff, and the amount of time devoted to the case." *Naquin v. Uniroyal Inc.*, 405 So.2d 525, 528 (La.1981); *see also Cormier v. State, Dep't of Wildlife and Fisheries*, 07-642, pp. 26-27 (La.App. 3 Cir. 11/21/07), 970 So.2d 1216, 1232, *writ denied*, 07-2466 (La.2/15/08), 976 So.2d 186 (quoting *Lambert v. Brookshire Grocery Co.*, 06-1001, pp. 21-22 (La.App. 3 Cir. 12/20/06), 945 So.2d 918, 933).

*Williams v. Tioga Manor Nursing Home*, 09-417, pp. 26-27 (La.App. 3 Cir. 11/18/09), 24 So.3d 970, 986, *writ denied*, 10-298 (La. 4/9/10), 31 So.3d 389.

In its reasons for judgment, the WCJ stated: "Considering the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the plaintiff and the amount of time devoted to the case, the Court sets a reasonable attorney fee in the amount of [f]ive [t]housand [d]ollars."

"'[T]he WCJ's award of attorney fees, that is the actual amount awarded, is entitled to great discretion and will not be disturbed absent an abuse of that discretion.'" *Bihm v. Unit Drilling Co.*, 12-569, p. 7 (La.App. 3 Cir. 11/7/12), 102 So.3d 1058, 1062 (quoting *Minor v. J & J Carpet, Inc.*, 10-45, p. 11 (La.App. 3

8

Cir. 6/2/10), 40 So.3d 434, 441-42). Though arguably on the low side, we find no abuse of discretion in the WCJ's award of $5,000.00 in attorney fees.

*Additional Attorney Fees for Appeal*

Mr. Romero also asserts that he is entitled to an additional award of attorney fees for work done on appeal. Considering the fact that we have determined that Mr. Romero's assignments of error are without merit, we decline to award additional attorney fees for this unsuccessful appeal. *Duplechain v. Town of Church Point*, 12-475, 12-476 (La.App. 3 Cir. 12/19/12), 107 So.3d 800.

**DECREE**

Accordingly, for the foregoing reasons, the June 18, 2011 judgment of the Office of Workers' Compensation is affirmed. Costs of this appeal are assessed to Appellant, Ernest Romero.

**AFFIRMED.**

ERNEST ROMERO

VERSUS

FLOWERS BAKING COMPANY OF LAFAYETTE, LLC

**COOKS, J., dissenting in part**.

I dissent from the portion of the majority opinion denying penalties and attorney fees related to the EMG testing. I find the WCJ improperly admitted incompetent evidence to hold that the defendant had not denied the doctor recommended EMG. The WCJ clearly relied upon the document allegedly prepared by defendant's adjuster and the later correspondence from defendant's counsel in denying the claim for penalties and attorney fees related to the EMG testing. The majority justifies the admission of these notes into evidence on two grounds: (1) that in workers' compensation cases there are relaxed rules of evidence, and (2) the claimant could have subpoenaed and deposed the adjuster if it desired, but did not.

First, I note while there are "relaxed" rules of evidence, the law still requires that all findings of fact be based upon competent evidence. La.R.S. 23:1317(A) states in pertinent part:

> . . . the workers' compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence. . .

In the present case the Defendant's adjuster was not present to testify concerning the document, the content of which was hotly contsted. The statements were not made under oath, nor did claimant's counsel have the opportunity to cross-examine Defendant's adjuster concerning these statements. Further, as claimant notes,

Defendant handpicked and introduced only the portion of the notes that were beneficial to it. Further, counsel for defendant produced a statement written by himself that alleges his client did not deny the EMG. Clearly, these admissions are clear examples of self-serving hearsay.

The majority writes that when "scrutinized against the record herein, [the statements in question here] have a degree of reliability and trustworthiness which makes the WCJ's consideration thereof reasonable and supported by competent evidence in the record." I disagree. There was clear evidence in the record that the EMG had not been approved by defendant. Dr. Hodges indicated in his report that "[claimant] has yet to be approved for his EMG/NCVs of the upper and lower extremities." Moreover,the testing was denied via a Utilization Review, and claimant testified at trial, he still had not been approved to have the testing done. Thus, I do not agree with the majority's conclusion that the statements in question were supported by the record.

I also find it categorically wrong that the majority would put the onus upon the claimant to bring the adjuster to trial or incur the expense to take his deposition. As noted at oral argument, the adjuster was located in Tennessee, and it would be unjust to require claimant to endure any expense in deposing the adjuster or making him available for trial. Furthermore, the burden was on Defendant, who relied on these notes, to make the adjuster available for the claimant. Defendant argues claimant was not prejudiced and could have subpoenaed the adjuster to trial or taken the adjuster's deposition. It was not Mr. Romero's burden to present "competent" evidence of compliance with the worker's compensation act. Once Mr. Romero proved the testing was owed, Defendant bore the burden of proving by competent evidence the testing was approved within sixty days of receipt or that they had a reasonable basis for not approving the test. Defendant did not bother to call any representative or custodian

from the company to establish the authenticity of the alleged business records. The documents are presented by its attorney – that is simply not enough, especially when claimant was contesting the truthfulness of the statements made in the document.

Therefore, I find the WCJ legally erred in relying on this incompetent hearsay evidence as a basis for its denial of penalties and attorney fees related to the EMG testing.